IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

ANTHONY MUSTAFAN CHISLEY     *
           Plaintiff,

     v.                  *    CIVIL ACTION NO. DKC-06-2083

SGT. GERALD D. COLEMAN     *
           Defendant.

                        ***

## MEMORANDUM

I.     Procedural History

Plaintiff, Anthony Mustafan Chisley, ("Chisley") is an inmate confined at the Maryland Correctional Adjustment Center. On August 10, 2006, Plaintiff filed a civil rights complaint which stated that he had been denied meals on August 1, 2 and 3, 2006. He further alleged that he had been denied medically prescribed ice and that he suffers from numerous medical issues. He claims that the denial of the meals forced him to go on a hunger strike. Paper No. 1.

Because the Complaint raised questions concerning Chisley's health and safety, the Office of the Attorney General, Correctional Litigation Division was ordered to file a show cause response. Paper No. 3. The response, as supplemented, has been filed. Paper Nos. 4 and 5. Plaintiff was advised that the court intended to treat the show cause response as a dispositive motion and advised him of his right to file an opposition thereto. Paper Nos. 7 and 8. Plaintiff has done so. Paper Nos. 6 and 10.[1] No hearing is needed to resolve the question as to whether Plaintiff is entitled to injunctive relief in this case. *See* Local Rule 105.6 (D. Md. 2004).

---

[1]Also pending is Plaintiff's "Motion for Decision and Additional Evidence." Paper No. 6. The "Motion" is in reality an opposition to Defendant's response to the order to show cause and shall be considered as such.

II.   Factual Background

Plaintiff states that he was denied meals on August 1,2, and 3, 2006, in retaliation for his having filed suit against Defendant.  He further states that during this time he was prescribed special meals by the medical department and also directed by the medical department to receive ice in his cell, both of which were denied him.   He states that the failure to provide him meals on the referenced dates caused him to institute a hunger strike. Paper Nos. 1 and 6.

Defendant states that correctional employees were not advised that Plaintiff was on a hunger strike in August of 2006. Defendant further maintains that had Plaintiff told medical personnel he was on a hunger strike, the information would have been given to correctional personnel. Conversely, they also state that Physician's Assistant Moss indicated that Plaintiff claimed to have been on a hunger strike on August 30, 2006 to September 4, 2006.   Plaintiff's medical records for August, 2006, indicate he spoke about being on a hunger strike, but medical personnel did not find evidence suggesting Plaintiff was not eating until August 30, 2006.  Paper No. 4, Ex. 1 and 2. Medical personnel did however advise Plaintiff of the health risks of a hunger strike at that time. Paper No. 4, Ex. 2.  Plaintiff discontinued the hunger strike begun on August 30 on September 4, 2006. *Id.*, Ex. 2, p. 16.

II.  Standard of Review

A. Injunctive Relief

Where, as here, an inmate is seeking injunctive relief in conjunction with his Eighth Amendment claim, relief may only be granted if the inmate can demonstrate: (i) the likelihood he will be irreparably harmed if emergency relief is denied; (ii) the likelihood that defendant will not be harmed if the requested relief is granted; (iii) the likelihood that the inmate will succeed on the

merits; and (iv) that the public interest will be served if the injunction is granted. *See Blackwelder Furniture Co. v. Seilig Manufacturing Co.*, 550 F.2d 189, 195-96 (4th Cir. 1977).

      B.      Summary Judgment

A genuine issue of material fact exists if there is sufficient evidence for a reasonable jury to return a verdict in favor of the non-moving party. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Shaw v. Stroud*, 13 F.3d 791, 798 (4th Cir. 1994). In making this determination, the evidence of the party opposing summary judgment is to be believed and all justifiable inferences drawn in his favor. *See Halperin v. Abacus Tech. Corp.*, 128 F.3d 191, 196 (4th Cir. 1997) (*citing Anderson,* 477 U.S. at 255). The non-moving party may not rest upon mere allegations or denials in his pleading, however, but must set forth specific facts showing that there is a genuine issue for trial. *See Anderson*, 477 U.S. at 248; *Allstate Fin. Corp. v. Financorp, Inc.*, 934 F.2d 55, 58 (4th Cir. 1991). The "mere existence of a scintilla of evidence in support of...plaintiff's position" is not enough to defeat a defendant's summary judgment motion. *Anderson*, 477 U.S. at 252.

III. <u>Analysis</u>

According to the Declaration of Warden Hill and the supporting medical records, Plaintiff's health was not endangered by any reported hunger strike and he is no longer on a hunger strike. The materials show that Chisley's health and well-being are being safeguarded. The court therefore finds that injunctive relief is not warranted.

The Eighth Amendment issues raised by Plaintiff regarding the denial of meals and medically-prescribed ice over a three day period, as well as his claim that the denial was in retaliation for his having filed a law suit against correctional officials remain unanswered by the

parties' submissions.  As such, summary judgment shall be denied without prejudice as to this issue and a separate order entered in accordance with this Memorandum.

IV.  Conclusion

For the aforementioned reasons, Chisley's injunctive relief request shall be denied.  A separate Order follows.


Dated: July 20, 2007.                              _____/s/_____
                                                   DEBORAH K. CHASANOW
                                                   United States District Judge

4