IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| ANTHONY MUSTAFAN CHISLEY | * | |
| Plaintiff, | | |
| v. | * | CIVIL ACTION NO. DKC-06-2083 |
| SGT. GERALD D. COLEMAN | * | |
| Defendant. | | |
| | ***** | |

## MEMORANDUM OPINION

In this 42 U.S.C. § 1983 civil rights action Plaintiff alleges that in retaliation for filing suit against correctional officers he was denied meals and ice by Jessup Correctional Institution ("JCI") Sgt. Coleman from August 1 to August 3, 2006, even though medical documents dictated that he was to receive a mechanical soft diet, no tomato or milk, and ice in his cell.[1]  Paper No. 1.  He seeks injunctive and miscellaneous relief and punitive damages.  *Id*.

On September 19, 2007, Defendant Coleman filed a Motion to Dismiss or, in the Alternative, Motion for Summary Judgment, which remains unopposed as of the within signature date.[2]   Oral hearing is deemed unnecessary.  *See* Local Rule 105.6. (D. Md.).  For reasons to follow, Defendant's Motion for Summary Judgment shall be granted.

Title  42 U.S.C. § 1997e(a) provides that "[n]o action shall be brought with respect to prison conditions under § 1983 of this title, or any other Federal law by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." The phrase "prison conditions" encompasses "all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 532 (2002).  Proper exhaustion of administrative remedies demands compliance with an agency's deadlines and other critical

---

[1]   The Complaint was filed on August 3, 2006.  Plaintiff indicated at that time that he was on a hunger strike due to the actions of JCI staff.  After court-ordered briefing on Plaintiff's injunctive relief motion, the court denied emergency relief and set forth a scheduling order as to Plaintiff's damage claim.  Paper No. 14.

[2]   Pursuant to the dictates of *Roseboro v. Garrison*, 528 F.2d 309, 310 (1975), on September 21, 2007, the Clerk  informed Plaintiff that Defendant had filed a dispositive motion; that Plaintiff had seventeen days in which to file written opposition to the motion; and that if Plaintiff failed to respond, summary judgment could be entered against him without further notice.  *See* Paper No. 16. Plaintiff has chosen not to respond.

procedural rules because "no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings." *Woodford v. Ngo*, 126 S.Ct. 2378, 2385-86 (2006). Exhaustion under § 1997e(a) is not a jurisdictional requirement and does not impose a heightened pleading requirement on the prisoner. Rather, the failure to exhaust administrative remedies is an affirmative defense to be pleaded and proven by defendant(s). *See Jones v. Bock*, 127 S.Ct. 910, 919-22 (2007); *Anderson v. XYZ Correctional Health Services, Inc.*, 407 F.2d 674, 682 (4th Cir. 2005).

Defendant argues through the Declarations of JCI Litigation Coordinator and Inmate Grievance Office ("IGO") Executive Director Scott S. Oakley that this case should be dismissed for Plaintiff's failure to exhaust administrative remedies. The court agrees. This action falls under the exhaustion prerequisites of § 1997e(a), and Plaintiff's claims must be dismissed unless he can show that he has satisfied the administrative exhaustion requirement or that Defendant has forfeited his right to raise non-exhaustion as a defense. *See Chase v. Peay*, 286 F.Supp.2d 523, 528 (D. Md. 2003), *aff'd,* 98 Fed. Appx. 253 (4th Cir. June 2, 2004) (per curiam).[3]

The record irrefutably shows that Plaintiff did file an institutional grievance concerning the issues set out herein and did appeal the denial of his claim to the headquarters level. Plaintiff did not, however, appeal that decision to the IGO. This claim was not fully exhausted. Defendant's Motion for Summary Judgment shall be granted. A separate Order follows.

Date: <u>November 29, 2007</u>                    _____/s/_____
                                                                    DEBORAH K.CHASANOW
                                                                    United States District Judge

---

[3] Under *Chase*, a Maryland inmate may satisfy exhaustion by seeking review of an Administrative Remedy Procedure ("ARP") complaint denial from the Warden to the Commissioner and then appealing the Commissioner's decision to the Inmate Grievance Office ("IGO"), the *final level* of appeal within Maryland's administrative grievance system for prisoners. *See Chase v. Peay*, 286 F.Supp.2d 523 at 529 (emphasis added).